IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-255-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MARCOS ARELLANO,<br><br>    Plaintiff/Relator,<br><br>    v.<br><br>MYMOVE, LLC and RED VENTURES, LLC,<br><br>    Defendants. | UNDER SEAL |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S
UNOPPOSED MOTION FOR PARTIAL LIFTING OF SEAL**

The United States of America respectfully submits this Memorandum in support of its Motion for a partial lifting of the seal to permit the United States, in its discretion, to disclose the existence of, the allegations contained in, and/or a copy of the complaint in this *qui tam* action to the Defendants and counsel for Defendants. The action should otherwise remain under seal. Relator, through counsel, has been consulted and consents to the requested relief.

## I. INTRODUCTION

This case is brought under the *qui tam* provisions of the FCA, which allows a private citizen, referred to as the "relator," to bring a lawsuit on behalf of the United States for violations of the Act. *See, e.g.*, 31 U.S.C. § 3730(b)(1). The FCA requires the relator to file a complaint under seal and serve the United States with it and all material evidence and information in the relator's possession. *Id.* § 3730(b)(2). The United States is required to investigate the allegations before it decides whether to intervene in the case.

Marcos Arellano, the relator in this case ("Relator") and filed his Complaint on April 28, 2020. A necessary component of the United States' investigation is the evaluation of allegations in a *qui tam* complaint, as well as the identification and quantification of potential damages. Additionally, the United States may find it prudent to provide Defendants and/or their counsel with a copy of the *qui tam* complaint in order to allow them to respond with additional information and/or initiate settlement discussions.

Counsel for the Government has conferred with counsel for Relator, who consents to this Motion. Counsel have also discussed whether any redactions to the *qui tam* Complaint are needed prior to disclosure.

## II. RELEVANT FACTUAL BACKGROUND

Defendant Red Ventures, LLC is the parent company of Defendant MyMove, LLC, a company that provides marketing services to the United States Postal Service. That is, while Red Ventures is a well-known digital marketing company, MyMove exists to serve one client, the USPS. Red Ventures, through MyMove, ran two primary ventures relating to USPS's change of address ("COA") process, each governed by a separate contract with USPS. It is alleged that Defendants, in connection with both of the business lines, have engaged in a labor and cost allocation scheme that benefits Defendants and resulted in payments to the USPS lower than as contractually agreed and unbeknownst to the USPS.

The Government's current estimated damages is at least $885,000 in alleged single damages from Defendants' alleged FCA violations. During the course of its investigation, knowledgeable witnesses have indicated, among other things, that with respect to one of the business lines in which USPS and Defendants were to split the arrangement's defined revenue according to certain percentages, Defendants intentionally, unilaterally and unbeknownst to USPS,

started improperly allocating expenses (that were contractually-specified as expenses to be paid exclusively by Defendants) to be effectively shared by both sides of the contract, thereby reducing the amount payable to USPS. (Defendants had previously contemplated and proposed an amendment to the governing contract that would re-define revenue to effect this very change, but USPS had declined to enter into that amendment.)

### III. ARGUMENT

The legislative history of the False Claims Act's *qui tam* provisions makes clear that a *qui tam* complaint is kept under seal for the Government's benefit to allow the Government to pursue its inquiries into the relator's allegations, "fully evaluate" the evidence, and determine whether or not to intervene:

> Keeping the qui tam complaint under seal . . . is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5289. The legislative history also notes that the *qui tam* seal allows the Government "an opportunity to study and evaluate" fraud allegations. *Id.* Additionally, it is often prudent for the United States to notify a potential defendant about the existence of a *qui tam* before an intervention decision is made in order to allow it an opportunity to respond.

This is particularly appropriate in the instant case, as Defendants have been in contact through counsel with the United States for some time. Further, Defendants are likely aware of some of the FCA theories implicated in this investigation, but are not aware of whether a *qui tam* suit has been filed or what the specific allegations in that suit may be. Thus, any pre-litigation negotiations with Defendants through counsel, will benefit from the disclosure of the *qui tam* Complaint alongside the Government's demand letter.

Except for this partial lifting of the seal, the United States requests that the Complaint and all filings in this action remain under the seal provisions currently in effect during the extension period so that the United States' investigation and discussions with Defendant will not be compromised.

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court enter an order for a partial lifting of the seal to permit the United States, in its discretion, to disclose the existence of, the allegations contained in, and/or a copy of the complaint in this *qui tam* action to the Defendants, MyMove, LLC and Red Ventures, LLC, and counsel for Defendants. The United States also requests that the *qui tam* Complaint and other documents filed in this matter otherwise remain under seal.

Respectfully submitted this the 19th day of October, 2022.

**DENA J. KING**
UNITED STATES ATTORNEY

**s/James B. Gatehouse**
JAMES B. GATEHOUSE
ASSISTANT UNITED STATES ATTORNEY
NC Bar No. 22811
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
Tel: (704) 344-6222
Fax: (704) 227-0248
Email: James.Gatehouse@usdoj.gov

## CERTIFICATE OF NON-SERVICE

Because this action is under seal pursuant to 31 U.S.C. § 3729 *et seq.*, Defendants have not been served with a copy of the foregoing Memorandum. Moreover, to preserve the integrity of the United States' ongoing investigation, Relator has been served with a copy of the Motion and Proposed Order, but not the Memorandum in support thereof.

This the 19th day of October, 2022.

**s/James B. Gatehouse**
JAMES B. GATEHOUSE
ASSISTANT UNITED STATES ATTORNEY
